IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KELSEY LEGG,

           Plaintiff,

v.                                CIVIL ACTION NO.   2:16-cv-01371

CRAIG ADKINS, et al.,

           Defendants.

MEMORANDUM OPINION & ORDER

Pending before the court are the defendants Craig Adkins and David Farmer's Motion to Dismiss [ECF No. 60] and the defendant Jim Rubenstein's Motion to Dismiss [ECF No. 62]. The plaintiff did not respond, and the matter is ripe for adjudication. For the following reasons, the Motions are **GRANTED** and the plaintiff's case is **DISMISSED without prejudice**.

I.    BACKGROUND

The plaintiff brought this suit alleging that she was harmed as a result of prison conditions at the South Central Regional Jail brought about by the 2014 "water crisis." *See* Am. Compl. ¶¶ 1–6 [ECF No. 24]. Specifically, the plaintiff asserts in a class action complaint a First Amendment claim and what amounts to a multi-dimensional deliberate indifference claim. *Id.* at ¶¶ 70–91. The plaintiff requests class certification, declaratory judgment, injunctive relief, compensatory damages,

and attorney's fees. *Id.* at 17–18 ¶¶ 1–6. The plaintiff seeks compensatory damages and declaratory and injunctive relief from defendant Adkins. *Id.* at ¶ 11. She seeks only declaratory and injunctive relief from Farmer and Rubenstein. *Id.* at ¶¶ 10, 12.

## II. LEGAL STANDARD

The defendants have both submitted Motions to Dismiss pursuant to Rule 12(b)(6), but wish the court to consider sworn affidavits outside of the pleadings. Under Federal Rule of Civil Procedure 12(d), "[i]f, on motion under 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Accordingly, the court will construe these Motions as motions for summary judgment under Rule 56.

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer

2


some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

Despite being given a chance to do so, the plaintiff failed to respond, and the court, accordingly, considers the Motions unopposed. A court does not, however, automatically grant an unopposed motion for summary judgment. *See* Fed. R. Civ. P. 56(e). The Fourth Circuit has directed:

> [I]n considering a motion for summary judgment, the district court "*must* review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir.1993) (emphasis added). "Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion," the district court must still proceed with the facts it has before it and determine whether the moving party is entitled to judgment as a matter of law based on those uncontroverted facts. *Id.*

*Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 409 n.8 (4th Cir. 2010).

## III. DISCUSSION

The defendants argue that the plaintiff's case should be dismissed because she failed to exhaust the administrative remedies available to her prior to bringing this lawsuit. Adkins Mem. Supp. Mot. Dismiss 16–17 [ECF No. 61]; Rubenstein Mem. Supp. Mot. Dismiss 18–19 [ECF No. 63]. The plaintiff did not respond to the defendants' Motions. The court finds that the defendants have carried their burden of persuasion that the plaintiff failed to properly exhaust administrative remedies under the PLRA and WVPLRA and therefore declines to reach the merits of the case.

Both the Prison Litigation Reform Act ("PLRA") and West Virginia Prison Litigation Reform Act ("WVPLRA") require inmates to exhaust their administrative remedies before they bring a lawsuit. 42 U.S.C. § 1997e(a); W. Va. Code § 25-1A-2a(i). Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has interpreted the PLRA broadly, stating that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). If a plaintiff fails to exhaust administrative remedies, the case must be dismissed. *See, e.g.*, *Ferrell v. Miller*, No. 5:10-CV-01293, 2014 WL 131067, at *3 (S.D. W. Va. Jan. 10, 2014).

The WVPLRA functions similarly. Indeed, this court recognized that "West Virginia law requires inmates to exhaust their administrative remedies before instituting any civil action." *Baker v. Hammons*, No. 2:15-CV-13849, 2016 WL 538481, at *2 (S.D. W. Va. Feb. 9, 2016) (citing W. Va. Code § 25-1A-2(c)). As with the PLRA, claims where the plaintiff failed to exhaust administrative remedies must be dismissed under the WVPLRA. *Id.* at *3.

The defendant Rubenstein submitted the affidavit of Mary VanMeter, the inmate records Supervisor of Lakin Correctional Center. According to Ms. VanMeter, after a review of all grievances filed by the plaintiff since she has been in the custody of WVDOC, the plaintiff has not filed any grievances related to the allegations in this case. Rubenstein Mot. Dismiss Ex. 9 [ECF No. 62-9]. The defendants Adkins and Farmer provided the affidavits of Anthony Leonard and Craig Adkins. Craig Adkins certified that he was not aware of any grievance filed by the plaintiff. Adkins Mot. Dismiss Ex. 2 [ECF No. 60-2]. Anthony Leonard, the current administrator of the South Central Regional Jail, certified that after a review of the plaintiff's file, no grievance related to the allegations in this case was filed by the plaintiff. Adkins Mot. Dismiss Ex. 1 [ECF No. 60-1]. Taking the facts presented in the affidavits as uncontroverted, the court **FINDS** that the plaintiff has failed to exhaust her administrative remedies and that the defendants are entitled to judgment as a matter of law. Further, the plaintiff has not shown that she is exempt from the exhaustion

requirements of the PLRA and WVPLRA. Consequently, the court must dismiss this case because she failed to exhaust her administrative remedies.

Accordingly, the court **ORDERS** that the defendants Craig Adkins and David Farmer's Motion to Dismiss [ECF No. 60] and the defendant Jim Rubenstein's Motion to Dismiss [ECF No. 62] are **GRANTED** and the plaintiff's case is **DISMISSED without prejudice**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 23, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE